UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, as subrogee of MEIBORG BROS., INC.,<br><br>Plaintiff,<br><br>vs.<br><br>JESSICA BATEMAN<br>2045 HWY 41 S<br>GREENBRIER, TN 37073<br><br>AND<br><br>ANASTASIA DUKES<br>1014 WERNER DR<br>HENDERSONVILLE, TN 37075<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No.<br>)<br>) Judge:<br>) Magistrate:<br>)<br>) JURY DEMAND<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), as subrogee of Meiborg Bros, Inc., by and through counsel, and for its Complaint against Jessica Bateman and Anastasia Dukes, alleges as follows:

1. National Union is a Pennsylvania corporation with its principal place of business in the state of New York. The insured, Meiborg Bros, Inc., is an Illinois corporation with its principal place of business in Illinois.

2. Upon information and belief, Jessica Bateman ("Bateman") is an individual and resident of Greenbrier, Tennessee.

3. Upon information and belief, Anastasia Dukes ("Dukes") is an individual and resident of Hendersonville, Tennessee.

1

4. This Court has jurisdiction over this action under to 28 U.S.C. §1332. National Union is a citizen of both Pennsylvania and New York, and both Defendants are citizens of Tennessee. The amount in controversy exceeds $75,000.

5. Venue is appropriate in this Court under 28 U.S.C. §1391. This action involves a motor vehicle accident which occurred in Davidson County, Tennessee.

6. On December 11, 2014, a 2012 Freightliner truck tractor pulling a trailer owned and operated by Meiborg Bros, Inc. proceeded north on Interstate 65 in Davidson County, Tennessee, near mile marker 93.

7. At the location of the accident, Interstate 65 North has five lanes in each direction. The Meiborg truck was proceeding in the second lane of travel from the left.

8. At the same time, Dukes was driving a 2009 Nissan Rogue vehicle in the far left lane of travel, either directly adjacent to, or slightly behind, the Meiborg truck.

9. Bateman was driving a 2005 Lincoln LLS, also in the far left lane of travel, directly behind Dukes' vehicle.

10. Suddenly, Dukes braked aggressively, causing her vehicle to slow quickly.

11. Bateman, traveling behind Dukes, braked aggressively as well. She was unable to stop and swerved out of her lane of travel, impacting the retaining wall between Interstate 65's Northbound lanes and Southbound lanes. Her vehicle then swerved back into the left lane, impacting Dukes' vehicle and proceeding into the next lane to collide with the Meiborg truck.

12. Ultimately, the collision between Bateman's vehicle and the Meiborg truck vehicle pushed both vehicles into the retaining wall. Bateman's vehicle caught fire, and the fire quickly spread to the Meiborg truck. Both vehicles were destroyed.

13. Meiborg suffered a total loss of the tractor and trailer, totaling $128,048.41 in damages.

14. At the time of the accident, Meiborg had a valid and enforceable commercial automobile insurance policy with National Union.

15. As required by the policy, National Union paid for damage caused by the accident, a total of $128,048.41.

16. National Union is legally and equitably subrogated to the rights and claims of Meiborg Bros., Inc. to the extent of its payments for damages as a result of the accident.

### COUNT ONE – NEGLIGENCE - BATEMAN

17. National Union repeats and realleges the allegations contained in Paragraphs 1 through 16 as though fully set forth herein.

18. Bateman had a duty to operate her vehicle with reasonable care.

19. Bateman's operation of her vehicle was negligent in the following ways:

   a. Bateman was negligently following Dukes too closely, with insufficient space to stop if necessary;

   b. Bateman was negligently travelling too fast for traffic and road conditions;

   c. Bateman negligently failed to maintain a proper lookout;

   d. Bateman negligently failed to keep herself alert and aware of the traffic around her;

   e. Bateman negligently failed to use reasonable and due care in the operation of her vehicle;

20. Bateman's operation of her vehicle was negligent *per se* in the following ways:

3

a. Bateman was negligently following too closely in violation of T.C.A. § 55-8-124.
   b. Bateman negligently failed to exercise due care in violation of T.C.A. § 55-8-136.
   c. Bateman was driving in excess of the speed limit in violation of T.C.A. § 55-8-152.
   d. Bateman drove over, across, or within the dividing space or section of the highway in violation of T.C.A. § 55-8-125.
   e. Bateman was not operating her vehicle at a safe speed, keeping a safe lookout, or keeping the vehicle under proper control by devoting full time and attention to operating the vehicle, in violation of T.C.A. § 55-8-136.

21. As a result of Bateman's negligence, Meiborg suffered damages in the amount of $128,048.41, in the form of a destroyed tractor and trailer. Bateman is therefore liable to Meiborg for the aforementioned damages.

## COUNT TWO – NEGLIGENCE - DUKES

22. Dukes had a duty to operate her vehicle with reasonable care.
23. Dukes operation of her vehicle was negligent in the following ways:
   a. Dukes negligently braked suddenly and aggressively, causing Bateman to do the same and ultimately lose control of her vehicle;
   b. Dukes was following too closely;
   c. Dukes was negligently travelling too fast for traffic and road conditions;
   d. Dukes negligently failed to maintain a proper lookout;

4

Case 3:15-cv-00909   Document 1   Filed 08/20/15   Page 4 of 6 PageID #: 4

e. Dukes negligently failed to keep herself alert and aware of the traffic around her;

f. Dukes negligently failed to use reasonable and due care in the operation of her vehicle;

24. Dukes' operation of her vehicle was negligent *per se* in the following ways:

    a. Dukes negligently failed to exercise due care in violation of T. C.A. § 55-8-136.

    b. Dukes was not operating her vehicle at a safe speed, keeping a safe lookout, or keeping the vehicle under proper control by devoting full time and attention to operating the vehicle, in violation of T.C.A. § 55-8-136.

    c. Dukes was negligently following too closely in violation of T.C.A. § 55-8-124.

25. As a result of Dukes' negligence, Meiborg suffered damages in the amount of $128,048.41, in the form of a destroyed tractor and trailer. Dukes is therefore liable to Meiborg for the aforementioned damages.

**WHEREFORE,** National Union prays for the following relief:

1. A judgment for compensatory damages against Defendants in the amount of $128,048.41;

2. A judgment for pre- and post-judgment interest at the maximum rate allowable by law;

3. For a jury to try all issues so triable;

4. That the cost of this cause be taxed against Defendants; and

5. That National Union be granted such further and general relief to which it may be

5

entitled, and any other such relief as the Court may find just.

Respectfully submitted,

*/s/ J. Britt Phillips*

J. BRITT PHILLIPS #020937
CHRISTOPHER J. SCHROECK #31875
**Sutter O'Connell Co.**
341 Cool Springs Blvd. Suite 430
Franklin, TN 37067
(615) 771-5008
bphillips@sutter-law.com
cschroeck@sutter-law.com

*Counsel for National Union Fire Insurance Company of Pittsburgh, PA*

## JURY DEMAND

Now comes National Union Fire Insurance Company of Pittsburgh, PA, by and through counsel, and herein demands a trial by jury of the issues triable of and by a jury in this action.

*/s/ Christopher J. Schroeck*

CHRISTOPHER J. SCHROECK